**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

CHRISTOPHER L. MOORE,

      Movant,

v.                             **Case No. 2:06-cv-00120**
                                       **Case No. 2:00-cr-00130-02**

UNITED STATES OF AMERICA,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Movant, Christopher L. Moore's (hereinafter "Defendant") Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (docket sheet document # 255), which was filed nunc pro tunc as of December 28, 2005. This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the motion and all related materials shall be examined promptly, and if it plainly appears from the face of the motion that the movant is not entitled to relief, the court shall order its summary dismissal and cause the movant to be notified.

## PROCEDURAL HISTORY

On November 13, 2000, following a three-day jury trial, Defendant was convicted of one count of conspiracy to distribute

cocaine base (Count One), and two counts of knowingly and voluntarily distributing cocaine base (Counts Three and Ten), as stated in a Second Superceding Indictment (# 30). (See "Special Jury Verdict/Interrogatories," # 139).  Defendant's motions for judgment of acquittal and a new trial were denied on February 9, 2001.  (# 183).

On February 16, 2001, Defendant was sentenced to a 360-month term of imprisonment on Count One, and a concurrent term of 240 months on Counts Three and Ten, followed by a five-year term of supervised release on Count One and a concurrent three-year term of supervised release on Counts Three and Ten.  Defendant was also ordered to pay a $300 special assessment. (See "Judgment," # 189, entered on March 16, 2001).  Defendant's appeal to the United States Court of Appeals for the Fourth Circuit was unsuccessful. (United States v. Moore, Case No. 01-4229, 26 Fed. Appx. 159, 2001 WL 1602138(4th Cir., Dec. 17, 2001)(unpublished), # 234).  A mandate issued on January 8, 2002.  (# 236).  Defendant did not file a petition for a writ of certiorari in the United States Supreme Court.

Defendant took no further action until he filed the instant section 2255 motion on or about December 28, 2005.  (# 255). Defendant seeks relief under the United States Supreme Court's recent decision in United States v. Booker, 125 S. Ct. 738 (2005), asserting violations of his Fifth and Sixth Amendment rights

2

because his sentence was enhanced based upon conduct not found beyond a reasonable doubt by a jury or admitted by Defendant. (Id. at 4). Because Defendant's motion is untimely under 28 U.S.C. § 2255, the United States has not been required to respond to the motion.

## ANALYSIS

Prior to 1996, a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was not subject to a specific time limitation with respect to filing of the motion. However, in 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996,(hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255.

The one-year period runs from the latest of one of four specified events:

> (1) the date on which the judgment on conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed if the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable to cases on review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Defendant's conviction became final on or about March 17, 2002, when the time for filing a petition for a writ of certiorari expired. Therefore, Defendant's time to file his

3

section 2255 motion expired on or about March 17, 2003.

Defendant did not file his section 2255 motion until on or about December 28, 2005, over two years after the statute of limitations had expired.  Thus, Defendant's section 2255 motion is untimely.

To the extent that Defendant is asserting that the one-year statute of limitations should run from the date of the Supreme Court's decision in Booker on the basis that such decision provides Defendant with a right duly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, that argument also lacks merit.

On January 12, 2005, the Supreme Court decided United States v. Booker, 125 S. Ct. 738 (2005), which reaffirmed the Court's holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), applied the holding in Blakely v. Washington, 124 S. Ct. 2531 (2004) to the Sentencing Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  125 S. Ct. at 756.  The Booker holding applies "'to all cases on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" 125 S. Ct. at 769 (quoting Griffith v. Kentucky, 479 U.S. 314, 328 (1987)).

Defendant's case has concluded direct review and is final. Thus <u>Booker</u> does not apply, unless the Supreme Court rules that it is to be applied retroactively to cases on collateral review.

On November 7, 2005, the United States Court of Appeals for the Fourth Circuit held:

> The rule announced in <u>Booker</u> is a new rule of criminal procedure, but it is not a watershed rule. Accordingly, the rule is not available for post-conviction relief for federal prisoners, like Morris, whose convictions became final before <u>Booker</u> (or <u>Blakely</u>) was decided.

<u>United States v. Morris</u>, 429 F.3d 65, 72 (2005).

Nine other Circuit Courts of Appeals previously reached the same conclusion and ruled that <u>Booker</u> does not apply retroactively to cases on collateral review. <u>See</u> <u>United States v. Cruz</u>, 423 F.3d 1119 (9th Cir. 2005); <u>Padilla v. United States</u>, 416 F.3d 424 (5th Cir. 2005)(per curiam); <u>Never Misses A Shot v. United States</u>, 413 F.3d 781 (8th Cir. 2005)(per curiam); <u>United States v. Bellamy</u>, 411 F.3d 1182 (10th Cir. 2005); <u>Lloyd v. United States</u>, 407 F.3d 608 (3rd Cir.), <u>cert. denied</u>, 126 S. Ct. 288 (2005); <u>Guzman v. United States</u>, 404 F.3d 139 (2nd Cir.), <u>cert. denied</u>, 126 S. Ct. 731 (2005); <u>Humphress v. United States</u>, 398 F.3d 855 (6th Cir.), <u>cert. denied</u>, 126 S. Ct. 199 (2005); <u>Varela v. United States</u>, 400 F.3d 864 (11th Cir.)(per curiam), <u>cert. denied</u>, 126 S. Ct. 312 (2005); <u>McReynolds v. United States</u>, 397 F.3d 479 (7th Cir.), <u>cert. denied</u>, 125 S. Ct. 2559 (2005). Not one circuit court of appeals has decided that <u>Blakely</u> or <u>Booker</u> applies retroactively on collateral

review.

Based on Morris, and the other decisions rendered by circuit courts of appeals reaching the same conclusion, the undersigned proposes that the presiding District Judge **FIND** that Defendant's conviction was final before Blakely and Booker were decided, and that neither Blakely nor Booker applies retroactively on collateral review.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that Defendant's section 2255 motion is untimely under the AEDPA.   It is respectfully **RECOMMENDED** that Defendant's motion (# 255) be **DENIED** and that this civil action be dismissed with prejudice.

Defendant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Defendant shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection

is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on the United States Attorney, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant and to counsel of record.

April 18, 2006
Date

Mary E. Stanley
United States Magistrate Judge

7